Ex parte Severiano, SILVA.

No. 08–97–00281–CR.

Court of Appeals of Texas,
El Paso.

Feb. 26, 1998.

Rehearing Overruled March 25, 1998.

Matthew DeKoatz, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

CHEW, Justice.

This is an appeal from the trial court's denial of Severiano Silva's requested relief pursuant to his application for a writ of habeas corpus. We dismiss Silva's appeal for want of jurisdiction.

In July 1990, Silva, a citizen of the Republic of Mexico, pleaded guilty to three separate criminal offenses as they had been charged in the indictment: (1) indecency with a child, count I; (2) aggravated sexual assault of a child, count II; and (3) aggravated sexual assault of a child, count III. Following Silva's guilty plea, the trial court granted Silva's motion for deferred adjudication. As to each count in the indictment, the trial court deferred any finding of guilt and assessed 10 years of adult community supervision with a fine of $10,000.

In November 1996, deportation proceedings were initiated against Silva by the U.S. Immigration and Nationalization Service ("INS"). Due to recent changes in federal immigration law, the INS now considers Silva's deferred adjudication status to be the equivalent of a conviction for the three counts charged in the indictment.[1] Accordingly, the INS initiated the deportation proceedings. The Immigration Court ordered Silva's deportation in June 1997. Silva has administratively appealed the deportation order.

Silva filed an application for a writ of habeas corpus with the trial court on July 8, 1997. The trial court held an evidentiary

---

1. *See generally,* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L.No. 104–208, 110 Stat. 3009–546 (1996).

hearing on July 31, 1997. Silva sought to either withdraw his plea of guilty or have his plea of guilty be declared void *ab initio* because the plea was involuntary. After the hearing, the trial court denied Silva's requested relief. Silva appeals the trial court's order.

In five points of error, Silva challenges the voluntariness of his guilty plea. Silva maintains that his plea of guilty was involuntary because: (1) it was based on the erroneous advice of counsel; (2) the application of the federal immigration law to Silva acts as an *ex post facto* or retroactive law as prohibited by the Texas Constitution;[2] (3) the application of the federal immigration law to Silva acts as the equivalent to a bill of attainder in violation of the Texas Constitution;[3] (4) the application of the federal immigration law to Silva denies him the due course of law guarantee of the Texas Constitution;[4] and (5) the application of the federal immigration law to Silva is equivalent to assessing a punishment of outlawry in violation of the Texas Constitution.[5] We may not address the issues raised by Silva, however, because we do not have jurisdiction to hear his appeal.

As a general rule, Courts of Appeals have jurisdiction to review appeals from criminal cases only after a conviction. *Workman v. State*, 170 Tex.Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex.App.—Fort Worth 1996, no pet.); *Ex parte Shumake*, 953 S.W.2d 842, 845 (Tex.App.—Austin 1997, no pet.h.). Absent express authority, Courts of Appeals do not have jurisdiction to review interlocutory orders. *Ex parte Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); *McKown*, 915 S.W.2d at 161. Silva has appealed from the trial court's denial of his requested habeas relief. Silva, however, has never been adjudicated to be guilty. Because the trial court placed Silva on deferred adjudication, Silva has never been convicted. Thus, absent a final conviction, the order denying Silva's requested habeas relief is an interlocutory order and we do not have juris-

diction to review this order. Therefore, we dismiss Silva's appeal for want of jurisdiction.

---

2. TEX. CONST. art. I, § 16.

3. *Id.*

4. TEX. CONST. art. I, § 19.

5. TEX. CONST. art. I, § 20.