**Ex parte Serveriano SILVA, Appellant.**

**No. 579–98.**

Court of Criminal Appeals of Texas, En Banc.

June 3, 1998.

Matthew DeKoatz, El Paso, for appellant.

Deborah Lane Fischer, Asst. Dist. Atty., El Paso, Matthew Paul, State's Atty., Austin, for the State.

v.

The STATE of Texas.

No. 1252–97.

Court of Criminal Appeals of Texas,
En Banc.

June 10, 1998.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was indicted for indecency with a child and two counts of aggravated sexual assault. Upon Appellant's plea of guilty, the trial court deferred adjudication of guilt and placed Appellant on community supervision for ten years. Appellant did not appeal from the deferred adjudication order. While on community supervision, Appellant filed an application for writ of habeas corpus in the trial court, claiming his guilty plea was involuntary. The trial court granted the writ, but denied relief. See *Ex parte Hargett*, 819 S.W.2d 866 (Tex.Cr.App.1991). Appellant appealed the denial of habeas relief, and the Court of Appeals dismissed the appeal. *Ex parte Silva*, 963 S.W.2d 945 (Tex.App.—El Paso 1998).

The Court of Appeals held that without a final conviction, the order denying habeas relief was an interlocutory order over which it had no jurisdiction. *Op.* at p. 946. In *Ex parte McCullough*, 966 S.W.2d 529 (Tex.Cr. App.1998), we relied on *Hargett* and held that courts of appeals have jurisdiction to review the denial of habeas relief from a claim of illegal restraint by an order deferring adjudication of guilt.[1] Therefore, the Court of Appeals has jurisdiction to hear the appeal in the instant case.

Accordingly, we grant Appellant's petition, vacate the judgment of the Court of Appeals, and remand the cause for that court to address Appellant's points of error.

---

1. At the time the Court of Appeals handed down its opinion, it did not have the benefit of our decision in *McCullough*.