Rudy Valentino **CUELLAR, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 04–99–00194–CR.

Court of Appeals of Texas,
San Antonio.

March 14, 2001.

---

Richard E. Langlois, Law Offices of Richard E. Langlois, San Antonio, for Appellant.

Homas F. Lee, Dist. Atty., Del Rio, for Appellee.

RICKHOFF, Justice, STONE, Justice, (concurring without opinion), GREEN, Justice.

## OPINION

PAUL W. GREEN, Justice.

Rudy Valentino Cuellar was convicted of the offense of unlawful possession of a firearm by a felon pursuant to TEX. PEN. CODE ANN. § 46.04 (Vernon 1994). Cuellar argues the evidence is legally insufficient to support the conviction because he is not a "convicted felon" for purposes of Section 46.04. We agree. The conviction is reversed and Cuellar is ordered acquitted.

### Background

In 1976, Cuellar pled guilty to heroin possession, and the trial court adjudicated him guilty. Although the trial court sentenced Cuellar to five years imprisonment, it suspended the imposition of the sentence, placing him on probation for five years. In 1981, after finding Cuellar had satisfied the conditions of probation, the trial court entered an order under TEX. CODE CRIM. PROC. ANN. art. 42.12 setting aside the judgment of conviction and dismissing the indictment.

On November 6, 1996, Cuellar was a passenger in a vehicle stopped for a traffic violation by the Texas Highway Patrol. The state trooper, upon learning of Cuellar's 1976 conviction, asked Cuellar if he possessed any weapons. Cuellar informed the state trooper he had a hunting rifle behind the seat, and subsequently, the state trooper arrested Cuellar for the offense of unlawful possession of a firearm by a felon.

After Cuellar was indicted, he filed a motion to quash, arguing the indictment failed to allege Cuellar's 1976 conviction involved an act of violence as required by the former version of the criminal statute.[1]

1. The former version of the Act was limited to certain kinds of felonies. *See* Act of May 24, 1973, 63rd Leg. R.S., ch. 399 § 1, 1973 Tex. Gen. Laws 883, 964. The former Section 46.05(a) provides: A person who has been convicted of a felony *involving an act of violence or threatened violence* to a person or property commits an offense if he possesses a

The trial court granted Cuellar's motion, dismissed the indictment, and the Amarillo Court of Appeals affirmed. However, the Court of Criminal Appeals reversed the court of appeals, reinstated the indictment and remanded the case to the trial court for further proceedings. After Cuellar waived trial by jury and entered a plea of not guilty, the trial court found Cuellar guilty, placing him on community supervision. In his sole point of error, Cuellar complains the evidence is legally insufficient to support the conviction.

### Standard of Review

■ Evidence is sufficient when, "viewed in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Wolfe v. State,* 917 S.W.2d 270, 274 (Tex.Crim.App.1996) (citing *Jackson v.. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Determining whether Cuellar's conviction that was set aside by an Article 42.12 Order constitutes a "conviction" for purposes of TEX. PEN.CODE ANN. § 46.04 is a question of law. Therefore, we review the trial court's decision *de novo. State v. Salinas,* 982 S.W.2d 9, 10–11 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd). If the statute is clear and unambiguous, we must give effect to its plain meaning unless to do so would lead to absurd consequences the Legislature could not possibly have intended. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

■ We presume statutes are "enacted by the legislature with full knowledge of the existing condition of the law and with reference to it." *McBride v. Clayton,* 140 Tex. 71, 76–77, 166 S.W.2d 125, 128 (1942). Further, in construing two conflicting statutes, although " 'the special

firearm away from the premises where he

statute governs the general in the event of any conflict,' the primary rule is, 'Statutes *in pari materia* are to be taken, read and construed together, and effort should be made to harmonize, if possible so that they can stand together and have concurrent efficacy.' " *Davis v. State,* 968 S.W.2d 368, 372 (Tex.Crim.App.1998) (quoting *Brown v. State,* 716 S.W.2d 939, 949 (Tex.Crim. App.1986)).

### Discussion

■ Cuellar claims the evidence is insufficient to support the conviction. Specifically, Cuellar argues Section 46.04, which prohibits convicted felons from possessing firearms, is a penalty or disability resulting from a felony conviction. Cuellar contends the Article 42.12 order, which set aside his 1976 conviction, relieved him of "all penalties and disabilities resulting from the [conviction]," including the limitation on his right to possess a firearm. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 20 (Vernon 1994).

### A. Article 42.12 Orders

In 1981, the trial court entered an order setting aside Cuellar's 1976 conviction and dismissing the indictment pursuant to Article 42 .12 of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 20(a). Section 20 of Article 42.12 provides:

> If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, *who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty.*

lives. *Id.* (emphasis added).

*Id.* (emphasis added); *accord Wolfe,* 917 S.W.2d at 277 (stating "Art. 42.12 § 20 (previously § 23) provides a mechanism to release a convicted person of all legal disabilities upon successful completion of probation").

In interpreting convictions set aside by Article 42.12 orders, the Court of Criminal Appeals has noted "there is no final conviction. Since [the defendant] satisfactorily fulfilled conditions of his probation, the convicting court . . . dismissed the indictment and set aside the judgment of conviction, thereby releasing applicant from all penalties and disabilities."[2] Further, the Court of Criminal Appeals refuses to consider convictions set aside by Article 42.12 Orders "final convictions" for enhancement purposes. *Ex parte Langley,* 833 S.W.2d 141, 143 (Tex.Crim.App.1992) (holding "[a] successfully served probation is not available for enhancement purposes"). Recently, however, the Texas Supreme Court has discussed the effects of convictions set aside by Article 42.12 orders within the context of the Concealed Handgun Act. *Tune v. Tex. Dept. of Public Safety,* 23 S.W.3d 358, 360 (Tex.2000).

In *Tune v. Tex. Dept. of Public Safety,* the Texas Supreme Court held that an Article 42.12 order does not relieve defendants of the penalty imposed by the Concealed Handgun Act. *Id.* In so holding, the *Tune* court focused on the expansive definition of "convicted" within the Concealed Handgun Act. Noting the Concealed Handgun Act provides a definition of "con-

victed," which expressly includes deferred adjudication and convictions set aside by Article 42.12 orders,[3] the Court limited its expansive interpretation of the term "convicted" to the Concealed Handgun Act:

> If the Handgun Act didn't include a specific definition of the term "convicted," then the inability to obtain a concealed-handgun license might be one of the penalties and disabilities removed when the district court dismissed Tune's indictment. But the Act does include a specific definition. And for obvious reasons, the Legislature may wish to keep concealed handguns out of the hands of persons who have been convicted of a felony, even if those persons satisfactorily complete community service.

*Id.* at 364; *see Ex parte Silva,* 963 S.W.2d 945, 945–46 (Tex.App.—El Paso 1998) (citing Illegal Immigration Reform & Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (1996)) (noting deferred adjudication falls within the specific definition of "conviction" in the federal deportation provision), *vacated on other grounds,* 968 S.W.2d 367 (Tex.Crim. App.1998).

## B. The Penalties Imposed by Section 46.04

Section 46.04 imposes a penalty on individuals convicted of a felony, limiting the right to possess firearms and criminalizing the violation of the restriction. TEX. PEN. CODE ANN. § 46.04 (Vernon 1994). To

---

**2.** *Ex parte Renier,* 734 S.W.2d 349, 351 (Tex. Crim.App.1987) (dismissing a habeas application for want of jurisdiction due to a lack of a final conviction); *accord Rodriguez v. Court of Appeals,* 769 S.W.2d 554, 557 (Tex.Crim.App. 1989).

**3.** "Convicted" means an adjudication of guilt or an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not the imposition of

the sentence is subsequently probated and the person is discharged from community supervision. The term does not include an adjudication of guilt or an order of deferred adjudication that has been subsequently:

(A) expunged; or

(B) pardoned under the authority of state or federal official.

TEX. GOV'T CODE ANN. § 411.171 (Vernon Supp. 2000).

prosecute a convicted felon for violation of Section 46.04, the State must prove two elements: (1) the defendant was convicted of a felony; and (2) the defendant possessed a firearm away from his residence. *See id.* Section 46.04 does not contain a definition of "conviction." *Id.*

## C. Harmonizing Article 42.12 Orders with Section 46.04

This case turns on whether the Article 42.12 order entered in 1981 released Cuellar from the penalty imposed by Section 46.04. Article 42.12 is specific with regard to the situations in which an Article 42.12 order is permissible [4] and exceptions to the general grant of relief provided by Article 42.12 orders.[5] Importantly, Article 42.12 does not except from its general grant of relief the restrictions imposed by Section 46.04 regarding an individual's right to possess a firearm. Tex.Code Crim. Proc. Ann. art. 42.12. Further, Section 46.04 does not contain an expansive definition of "convicted" like the Concealed Handgun Act interpreted by the *Tune* court.[6]

In this case, when the trial court entered the Article 42.12 order, it released Cuellar from the penalties and disabilities imposed by the 1976 conviction, such as limitations on his right to vote, his right to hold public office, and his right to serve on a jury. Tex. Elec.Code Ann. § 11.002(4)(B) (Vernon Supp.2000) (right to vote and hold public office); Op. Tex. Atty Gen. No. M–

1184 (1972) (same); *Payton v. State,* 572 S.W.2d 677, 678–79 (Tex.Crim.App.1978) (right to serve on jury), *overruled on other grounds, Jones v. State,* 982 S.W.2d 386 (Tex.Crim.App.1998). To permit both provisions to "stand together and have concurrent efficacy," we hold the Article 42.12 order also relieved Cuellar of the penalty limiting his right to possess a firearm. *Davis,* 968 S.W.2d at 372.

### Conclusion

This case is troublesome because it is uncertain why Cuellar was charged with a felon-in-possession offense, much less actually tried for the offense. The law is straight-forward, and the Article 42.12 order should have been sufficient to shield Cuellar from any criminal charges stemming from the nullified 1976 conviction. The reason that it did not is not apparent from the record before us.

Under the circumstances, Cuellar was not mistaken to assume it was legal for him to possess a hunting rifle. And despite some sentiment elsewhere around the nation to the contrary, it is still perfectly legal in this state to possess a hunting rifle if you are not a convicted felon. Notwithstanding, it appears the State insists on its relentless pursuit of Mr. Cuellar. That being so, the State's promise to Cuellar that he would have a "clean slate" if he successfully completed probation was, in the end, an empty promise.

---

4. Tex.Code Crim. Proc. Ann. art. 42.12, § 20(b). Section 20(b) provides Article 42.12 Orders are not available to individuals convicted for offenses involving the use of alcohol, such as driving or boating while intoxicated; offenses requiring the individual to register as a sex offender; or offenses punishable as state jail felonies. *Id.*

5. Tex Code Crim. Proc. Ann. art. 42.12, § 20(a)(1)-(2). Section 20(a) provides that although a trial court enters an Article 42.12 Order setting aside an individual's conviction,

proof of the conviction can be appropriately admitted or considered: (1) if the individual commits another criminal offense; or (2) if the individual applies for a license under Chapter 42 of the Human Resources Code. *Id.*

6. *Compare* Tex. Gov't Code § 411.171(4) (defining "convicted" to include individuals whose conviction has been set aside by an Article 42.12 Order), *with* Tex. Pen.Code Ann. § 46.04 (including no definition of "convicted").

Because the evidence is legally insufficient to support the trial court's verdict of guilt, we reverse the judgment of the trial court and render judgment of acquittal in favor of Cuellar.