OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 10, 2001

Mr. Thomas A. Davis, Jr.
Director
Texas Department of Public Safety
5805 North Lamar Boulevard, Box 4087
Austin, Texas 78773-0001

Opinion No. JC-0396

Re: Whether a person who has been pardoned for a felony conviction is subject to section 46.04 of the Penal Code, and related questions (RQ-0349-JC)

Dear Mr. Davis:

Under section 46.04 of the Penal Code, a "convicted" felon commits an offense if he or she unlawfully possesses a firearm. TEX. PEN. CODE ANN. § 46.04(a) (Vernon 1994). You ask whether a convicted felon who has been pardoned is convicted for the purposes of section 46.04.[1] Although a pardon that is not for subsequent proof of innocence does not obliterate the underlying offense, a full, unconditional pardon generally erases the conviction's consequences. See Jones v. State, 147 S.W.2d 508, 510 (Tex. Crim. App. 1941); Warren v. State, 74 S.W.2d 1006, 1007 (Tex. Crim. App. 1934). For this reason, we conclude that a felon who has been pardoned without condition is not subject to section 46.04 and does not violate section 46.04 by possessing a firearm. The fact that the pardoned felon may remain convicted is irrelevant.

You similarly ask whether a person whose felony conviction has been "set aside" under article 42.12 of the Texas Code of Criminal Procedure is convicted for the purposes of section 46.04 of the Penal Code. Request Letter, supra note 1, at 1. We assume that you refer to the procedure under article 42.12, section 20 by which a judge may set aside a defendant's verdict or permit the defendant to withdraw a plea. See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (Vernon Supp. 2001). Because a defendant whose verdict is set aside or who is permitted to withdraw a plea under article 42.12, section 20 is generally "released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty," id., we conclude that a defendant whose guilty verdict has been set aside or who has been permitted to withdraw a plea is, like a pardoned felon, not subject to section 46.04 of the Penal Code.

---

[1]Letter from Mr. Thomas A. Davis, Jr., Director, Texas Department of Public Safety, to Honorable John Cornyn, Texas Attorney General (Feb. 13, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

Section 46.04 of the Penal Code restricts firearm possession by a convicted felon:

> (a) A person who has been convicted of a felony commits an offense if he possesses a firearm:
>
> > (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or
> >
> > (2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.
>
> (b) An offense under this section is a felony of the third degree.

TEX. PEN. CODE ANN. § 46.04 (Vernon 1994). Thus, no convicted felon may possess a firearm for five years after the felon's release from confinement or supervision. *See State v. Mason*, 980 S.W.2d 635, 638 (Tex. Crim. App. 1998) (en banc). After that five-year period, the convicted felon may possess a firearm only at "the premises at which the person lives." *See id.; see also Tex. Dep't of Pub. Safety v. McLendon*, 35 S.W.3d 632, 633 (Tex. 2000) (concluding that, in general, defendant whose adjudication has been deferred remains convicted).

Your questions require us first to determine an appropriate definition for the term "convicted" in section 46.04. Section 46.04 itself does not define the term. Consequently, we must look elsewhere.

You suggest that we apply the definition of "convicted" in section 411.171 of the Government Code, which defines various terms for the statutes providing for a license to carry a concealed handgun. *See* TEX. GOV'T CODE ANN. § 411.171(4) (Vernon Supp. 2001); Request Letter, *supra* note 1, at 1. Under section 411.171(4), the term "convicted" generally encompasses a defendant who has been adjudicated guilty or whose order of adjudication has been deferred under article 42.12, section 5 of the Code of Criminal Procedure, but the term does not include a defendant who has been pardoned:

> "Convicted" means an adjudication of guilt or an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision. The term does not include an adjudication of guilt or an order of deferred adjudication that has been subsequently:

(A)     expunged; or

(B)     pardoned under the authority of a state or federal official.

TEX. GOV'T CODE ANN. § 411.171(4) (Vernon Supp. 2001). A convicted felon is ineligible to carry a concealed handgun. *See id.* § 411.172(a)(3).

Although section 46.04 of the Penal Code and section 411.171 of the Government Code both pertain to some aspect of firearm possession by a convicted felon, we cannot apply section 411.171(4)'s definition of "convicted" to section 46.04 of the Penal Code. When the legislature defines a term in one statute and uses the same term in relation to the same subject matter in a *later* statute, we may presume that the legislature used the term in the same way. *See Brookshire v. Houston Indep. Sch. Dist.*, 508 S.W.2d 675, 677-78 (Tex. Civ. App.–Houston [14th Dist.] 1974, no writ); *accord R.R. Comm'n of Tex. v. Bishop Petroleum, Inc.*, 736 S.W.2d 724, 730 (Tex. App.–Waco 1987), *rev'd in part on other grounds*, 751 S.W.2d 485 (Tex. 1988). Here, section 411.171 of the Government Code, pertaining to concealed handguns, is the later enacted statute. Its substance was first adopted in 1995. *See* Act of May 16, 1995, 74th Leg., R.S., ch. 229, § 1, art. 4413(29ee), sec. 1(4), 1995 Tex. Gen. Laws 1998, 1999. The substance of section 46.04 of the Penal Code was first adopted much earlier, in 1949. *See* Act of June 30, 1949, 51st Leg., R.S., ch. 599, § 1, 1949 Tex. Gen. Laws 1186, 1186. Accordingly, we cannot presume that the earlier enacted statute, section 46.04 of the Penal Code, assigns the same meaning to the term "convicted" that section 411.171 of the Government Code articulates.

In our opinion, the term "convicted" in section 46.04 of the Penal Code denotes a felon who has been found or pleaded guilty. Words that are not defined in the statute must "be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). We thus seek to define the term "convicted" in light of the purpose of section 46.04. According to the Texas Court of Criminal Appeals, section 46.04's "obvious intent . . . is to keep violent offenders from going about with firearms. . . . Because they have demonstrated a propensity toward violence, the State has a rational basis on which to restrict their possession of firearms . . . to protect the general public." *Lucas v. State*, 791 S.W.2d 35, 64 (Tex. Crim. App. 1989) (en banc); *see also Mason*, 980 S.W.2d at 638-39 (discussing legislative history of section 46.04). As commonly defined, the term "convicted" means "[p]roved or found guilty; condemned." III OXFORD ENGLISH DICTIONARY 879 (2d ed. 1989). This broad definition comports with the legislature's "obvious intent" to protect the public. *See Lucas*, 791 S.W.2d at 64.

Strictly speaking, a pardoned felon remains convicted of a crime unless the pardon is based upon a subsequent proof of innocence: While a pardon's "very essence" is to forgive the felon or to remit the penalty, "a pardon implies guilt; it does not obliterate the fact of the commission of the crime and the conviction therefor." *Jones*, 147 S.W.2d at 510 (quoting 46 C.J. 1193); *accord Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971) (quoting *Gurleski v. United States*, 405 F.2d 253, 266 (5th Cir. 1968), *cert. denied*, 395 U.S. 981 (1969)) ("'A pardon for any . . . reason [other] than

subsequent proof of innocence does not obliterate the defendant's previous transgressions.'"); *Scrivnor v. State*, 20 S.W.2d 416, 421 (Tex. Crim. App. 1928) (stating that pardon cannot obliterate prior conviction, which "remains a fact despite the pardon").

Yet, a pardon absolves a convicted felon of the conviction's legal consequences. A pardoned felon is relieved from the conviction's legal consequences, "direct or collateral." *Warren*, 74 S.W.2d at 1008; *see Ex parte Lefors*, 303 S.W.2d 394, 397 (Tex. Crim. App. 1957) (stating that pardon is act of grace "exempting the individual on whom it is bestowed from the punishment that has been assessed against him by the court"); *Jones*, 174 S.W.2d at 510 (citing *United States v. Swift*, 186 F. 1002, 1016 (N.D. Ill. 1911)) (stating that pardon obliterates offense "to such extent that for all legal purposes the . . . offender is . . . relieved in the future from all its results"); *Scrivnor*, 20 S.W.2d at 420 (quoting 24 AMERICAN & ENGLISH ENCYCLOPEDIA OF LAW 584) (stating that absolute pardon prevents "all further punishment for the offense . . . , to remove all penal consequences and disabilities incident to the conviction").

While a pardoned felon who was not pardoned for subsequent proof of innocence remains, strictly speaking, a convicted felon, section 46.04 of the Penal Code does not apply to felon who has been unconditionally pardoned. In our opinion, section 46.04's restriction on firearm possession is a legal consequence of a felony conviction from which the pardoned felon is generally absolved. If the pardoning official believes that the felon should not be able to possess a firearm, the pardon can be conditioned upon the premise that the felon will not possess a firearm in all or some locations. *See Warren*, 74 S.W.2d at 1008 (indicating that conditional pardon may become void when specified event transpires). Accordingly, a felon who has been pardoned without condition may, without regard to section 46.04, possess a firearm. *See* TEX. PEN. CODE ANN. § 46.04 (Vernon 1994).

You next ask whether a felon who has had a conviction set aside under article 42.12 of the Texas Code of Criminal Procedure is convicted for the purposes of section 46.04 of the Penal Code. *See* Request Letter, *supra* note 1, at 1. We assume that you refer to a defendant whose verdict has been set aside or whose plea has been withdrawn under article 42.12, section 20. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (Vernon Supp. 2001).

Under section 20, a judge may set aside a verdict or permit a defendant to withdraw a plea when the defendant successfully completes a shortened period of community supervision:

> (a) At any time, after the defendant has satisfactorily complet-ed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision may be reduced or terminated by the judge. Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant. If

the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that:

      (1) proof of the conviction or plea of guilty shall be made known to the judge should the defendant again be convicted of any criminal offense; and

      (2) if the defendant is an applicant for a license or is a licensee under Chapter 42, Human Resources Code, the Texas Department of Human Services may consider the fact that the defendant previously has received community supervision under this article in issuing, renewing, denying, or revoking a license under that chapter.

      (b) This section does not apply to a defendant convicted of an offense under Sections 49.04 - 49.08, Penal Code, a defendant convicted of an offense for which on conviction registration as a sex offender is required under Chapter 62, as added by Chapter 668, Acts of the 75th Legislature, Regular Session, 1997, or a defendant convicted of an offense punishable as a state jail felony.

*Id.* art. 42.12, § 20.

In our opinion, the limitation on firearm possession in section 46.04 of the Penal Code is a penalty or disability for the purposes of article 42.12, section 20. The nature of the "penalties and disabilities" from which the section releases a defendant is not discussed in article 42.12. *See id.* § 20(a). This office previously has indicated that a statute that releases a defendant from penalties and disabilities mitigates punishment "by restoring certain rights and removing certain disabilities." Tex. Att'y Gen. Op. No. MW-148 (1980) at 2 (quoting *In re Philips*, 109 P.2d 344, 347 (Cal. 1941)). The statute thus "seeks to restore to" the defendant some, but not all, "civil rights" and privileges. *See* Tex. Att'y Gen. Op. No. M-640 (1970) at 2. For example, under article 42.12, section 20, a convicted defendant "may serve on a jury or vote at an election." *Id.*; *see Payton v. State*, 572 S.W.2d 677, 678 (Tex. Crim. App. 1978) (en banc) (citing Attorney General Opinion M-640 (1970) for proposition that being "released from all penalties and disabilities" includes "disability to serve on a jury"). By contrast, article 42.12, section 20 does not relieve a convicted defendant of a duty to inform a prospective employer of previous convictions. Tex. Att'y Gen. Op. No. JM-1237 (1990) at 4. We believe that possessing a handgun under section 46.04 is similar to serving on a jury or

voting at an election and is unlike a private employer's right to know about a job applicant's criminal history.

Moreover, possessing a firearm under section 46.04 of the Penal Code is not among those circumstances that article 42.12, section 20 of the Code of Criminal Procedure expressly lists in which a set-aside verdict or withdrawn plea may be considered. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20 (Vernon Supp. 2001). If a defendant who has had a verdict set aside under article 42.12, section 20 is convicted of a subsequent offense, for instance, the defendant must inform the court adjudicating the subsequent offense that he or she had been convicted or pleaded guilty to a previous offense. *See id.* § 20(a)(1); *see also id.* § 20(a)(2) (permitting Texas Department of Human Services to consider conviction or guilty plea if defendant applies for or holds license to provide child care under chapter 42, Human Resources Code). And a judge may not set aside the verdict or allow the defendant to withdraw a guilty plea if the conviction is for an offense under sections 49.04 through 49.08 of the Penal Code (relating to various offenses committed while intoxicated); if the conviction is for an offense for which registration as a sex offender is required under chapter 62 of the Code of Criminal Procedure; or if the conviction is for an offense punishable as a state jail felony. *See id.* § 20(b).

Finally, no other statute specifically forbids a defendant who has been released from penalties and disabilities under article 42.12, section 20 to possess a handgun under section 46.04 of the Penal Code. Article 42.12, section 20 does not, for instance, preclude a licensing body from considering the conviction in connection with its decision to revoke an occupational license where the licensing act permits or requires revocation for a conviction. *See* Tex. Att'y Gen. Op. No. MW-148 (1980) at 1. And the Texas Supreme Court has expressly noted that, because section 411.171 of the Government Code defines the term "convicted" for the purposes of carrying a concealed handgun to include a person who is discharged from community supervision, a person whose verdict has been set aside under article 42.12, section 20 of the Code of Criminal Procedure may not be eligible to apply for a license to carry a concealed handgun: "If the Handgun Act didn't include a specific definition of the term 'convicted,' then the inability to obtain a concealed-handgun license might be one of the penalties and disabilities removed . . . . But the Act does include a specific definition." *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 364 (Tex. 2000).

Consequently, a defendant whose verdict has been set aside or who has been permitted to withdraw a plea under article 42.12, section 20 of the Code of Criminal Procedure may possess a firearm without regard to section 46.04 of the Penal Code.

Our construction of section 46.04 of the Penal Code with respect to a convicted felon whose verdict has been set aside or who has been permitted to withdraw a plea under article 42.12, section 20 of the Code of Criminal Procedure comports with a very recent decision of a Texas court of appeals. *See Cuellar v. State*, 40 S.W.3d 724 (Tex. App.–San Antonio 2001, no pet.). "Importantly," the court pointed out, article 42.12, section 20 does not except from its general release from all penalties and disabilities those restrictions relating to firearm possession that section 46.04 of the Penal Code imposes. *See id.* at 728. "Further," the court continued, section 46.04 does not

define the term "convicted" expansively like section 411.171 of the Government Code does. *See id.* To permit both section 46.04 of the Penal Code and article 42.12, section 20 of the Code of Criminal Procedure to "'stand together and have concurrent efficacy,'" the *Cuellar* court held that an order issued under article 42.12, section 20 releases the convicted felon "of the penalty limiting his right to possess a firearm." *Id.* (quoting *Davis v. State*, 968 S.W.2d 368, 372 (Tex. Crim. App. 1998)).

You suggest that the issues you raise implicate 18 U.S.C. § 922(g)(1), which makes it unlawful for a person "who has been convicted . . . of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm . . . ; or to receive any firearm . . . which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1) (1994). For the purposes of section 922, a person whose conviction has been expunged or set aside "or for which a person has been pardoned or has had civil rights restored" is not convicted unless the "pardon, expungement, or restoration of civil rights expressly provides that the person may not . . . possess, or receive firearms." *Id.* § 921(20). As we have construed Texas law, a person who has received a full, unconditional pardon, whose verdict has been set aside under article 42.12, section 20 of the Code of Criminal Procedure, or who has been permitted to withdraw a plea under article 42.12, section 20, has had his or her civil rights restored for the purposes of 18 U.S.C. § 922(g)(1). Thus, 18 U.S.C. § 922(g)(1) does not affect such a person's possession of a firearm.

## S U M M A R Y

For the purposes of section 46.04 of the Penal Code, which limits a convicted felon's authority to possess a firearm, the term "convicted" denotes a felon who has been proven guilty. *See* TEX. PEN. CODE ANN. § 46.04(a) (Vernon 1994). Nevertheless, a felon who has received a full pardon is not subject to the disability imposed by section 46.04. Accordingly, a pardoned felon may possess a firearm without violating section 46.04.

A convicted felon whose verdict has been set aside or who has been permitted to withdraw a guilty plea under article 42.12, section 20 of the Code of Criminal Procedure is not subject to section 46.04 of the Penal Code because the statute releases such felon from "all penalties and disabilities resulting from the offense." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (Vernon Supp. 2001); *see also Cuellar v. State*, 40 S.W.3d 724, 728 (Tex. App.–San Antonio 2001, no pet.).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee