In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-008 CR


____________________



EX PARTE CRAIG HUDSON






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 2086 (91693)






 MEMORANDUM OPINION 


 On December 14, 2005, the trial court denied Craig A. Hudson's application for
writ of habeas corpus without conducting an evidentiary hearing or issuing the writ of
habeas corpus. We questioned our jurisdiction over the appeal. Hudson filed a response
in which he contends the order is appealable because he is seeking release under Article
17.151, Texas Code of Criminal Procedure.

 No appeal lies from the refusal to issue writ of habeas corpus unless the trial court
conducts an evidentiary hearing on the merits of the application. Ex parte Hargett, 819
S.W.2d 866 (Tex. Crim. App. 1991); Noe v. State, 646 S.W.2d 230 (Tex. Crim. App.
1983). (1) In this case, the trial court did not address the merits of the appellant's petition. 
The trial court did not issue a writ of habeas corpus, nor did the court conduct an
evidentiary hearing on the application for the writ. Compare Ex parte Silva, 968 S.W.2d
367 (Tex. Crim. App. 1998); Ex parte McCullough, 966 S.W.2d 529 (Tex. Crim. App.
1998). We hold we have no jurisdiction over this appeal. Accordingly, it is ordered that
the appeal be dismissed for want of jurisdiction.

 APPEAL DISMISSED.


 ___________________________

 DAVID GAULTNEY

 Justice


Opinion Delivered March 1, 2006 

Do Not Publish

Before McKeithen, C.J., Gaultney, and Kreger, JJ.
1. In appropriate situations, mandamus will lie to compel a trial court to act on an
application for writ of habeas corpus. See In re Angel, 131 S.W.3d 167 (Tex. App.- San
Antonio 2004, orig. proceeding).