In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-120 CR


____________________



EX PARTE CRAIG GLOUDE






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 2091 (95476)






 MEMORANDUM OPINION 


 On March 6, 2006, the trial court denied Craig Gloude's application for writ of
habeas corpus without conducting an evidentiary hearing or issuing the writ of habeas
corpus. We questioned our jurisdiction over the appeal. Gloude filed a response in which
he contends the trial court heard his complaints regarding ineffective assistance of counsel
in an unrecorded hearing on January 30, 2006. The application for issuance of a pre-trial
writ of habeas corpus was filed February 28, 2006, so a hearing conducted in January
could not have been triggered by his application.


 No appeal lies from the refusal to issue writ of habeas corpus unless the trial court
conducts an evidentiary hearing on the merits of the application. Ex parte Hargett, 819
S.W.2d 866 (Tex. Crim. App. 1991); Noe v. State, 646 S.W.2d 230 (Tex. Crim. App.
1983). In this case, the trial court did not address the merits of the appellant's petition. 
The trial court did not issue a writ of habeas corpus, nor did the court conduct an
evidentiary hearing on the application for the writ. Compare Ex parte Silva, 968 S.W.2d
367 (Tex. Crim. App. 1998); Ex parte McCullough, 966 S.W.2d 529 (Tex. Crim. App.
1998). (1) We hold we have no jurisdiction over this appeal. Accordingly, it is ordered that
the appeal be dismissed for want of jurisdiction.

 APPEAL DISMISSED.


 ____________________________

 STEVE McKEITHEN

 Chief Justice



Opinion Delivered April 26, 2006 

Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. A pre-trial determination of ineffectiveness of counsel would not entitle Gloude to immediate release
and therefore would not be cognizable in a pre-trial writ of habeas corpus. See Ex parte Weise, 55 S.W.3d
617, 619 (Tex. Crim. App. 2001).