

# NUMBER 13-20-00062-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BRIAN JAMES MATEW,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 218th District Court
### of Atascosa County, Texas.

# ORDER

### Before Justices Hinojosa, Tijerina, and Silva
### Order Per Curiam

This cause is currently before the Court on appellant's motion for rehearing and motion for rehearing en banc. Appellant's motions urge reconsideration of our opinion handed down on February 3, 2022.

In Appellant's motions for rehearing, he contends this Court utilized the wrong standard of review to analyze an evidentiary issue in section IV of our opinion. We

disagree. In his brief, appellant posited his issue as whether the Judicial Clemency statute "prohibits the court from receiving or admitting into evidence" Matew's felony predicate convictions. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.701. This is an evidentiary matter, and "[w]hen reviewing a trial court's ruling on the admission of evidence, an appellate court applies an abuse of discretion standard of review." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) (citing *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

However, assuming without agreeing that we should have applied a de novo review of the issue, our disposition of the matter would remain the same. *See State v. Salinas*, 982 S.W.2d 9, 10 n.1 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (noting in one instance when a court "actually conducted a de novo review with an unnecessary overlay of the abuse of the discretion standard" that the "court's reasoning was unaffected by the error."). When conducting a de novo review, we "ascertain[] and giv[e] effect to the legislature's intent as expressed by the plain and common meaning of the statute's words." *Adetomiwa v. State*, 421 S.W.3d 922, 926 (Tex. App.—Fort Worth 2014, no pet.). Here, the legislature included the predicate felony as a basic element in the felon in possession statutory offenses. *See* TEX. PENAL CODE ANN. §§ 46.04(a)(1), 46.041(b). Analyzing this issue de novo, we conclude the Texas legislature intended for evidence of the predicate felony to be admitted into evidence to prove these offenses. *See id.* As we indicated in our memorandum opinion, Texas case law overwhelmingly supports this rationale. *See Matew v. State*, No. 13-20-00062-CR, ___ S.W.3d ___, ___, 2022 WL 321120, at *6 (Tex. App.—Corpus Christi–Edinburg Feb. 3, 2022, no pet.); *Ex parte*

*Jimenez*, 361 S.W.3d 679, 680 (Tex. Crim. App. 2012) ("The State proved Applicant was a felon by introducing proof of Applicant's prior felony conviction for rape of a child"); *Fennell v. State*, 455 S.W.2d 248, 249 (Tex. Crim. App. 1970) (concluding prior felony conviction for former unlawful possession of a weapon statute "was an essential element of the offense charged in the indictment" and must be proven at the guilt phase of trial); *Cuellar v. State*, 40 S.W.3d 724, 727–28 (Tex. App.—San Antonio 2001) ("To prosecute a convicted felon for violation of Section 46.04, the State must prove two elements: (1) the defendant was convicted of a felony; and (2) the defendant possessed a firearm away from his residence."). Accordingly, the trial court did not err when it admitted Matew's prior convictions into evidence.

The Court, having fully examined and considered appellant's motion for rehearing and motion for rehearing en banc, appellee's response, and the relevant case law, is of the opinion that appellant's motions should be denied.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
7th day of October, 2022.

3