In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-023 CR


____________________



DEVENDRA PRAKASH BABULAL BANSAL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law


Orange County, Texas


Trial Cause No. 70437






 OPINION


 The issue in this case is whether the defendant in a criminal case is entitled to
represent himself at trial. The trial court refused to allow the defendant to represent himself
and attempted to rectify the mistake by conducting a second trial wherein the defendant did
represent himself. Devendra Prakash Babulal Bansal, the defendant, was accused of
harassment. The jury in the first trial, where Bansal was represented by counsel, and the jury
in the second trial, where he represented himself, both found him guilty. Bansal successfully
challenged the verdict in the second trial because the trial judge failed to enter a written order
granting a new trial, and another appellate court vacated the guilty verdict on that ground. 
Bansal v. State, 2000 WL 34234583 at *1 (Tex. App.--Eastland Oct. 5, 2000, no pet.). 
Bansal asserts that the guilty verdict from the first trial should be vacated as well. 
Proceeding pro se, Bansal brings over 100 issues contesting his first conviction for
harassment. See Tex. Pen. Code Ann. § 42.07 (Vernon 2003). For the reasons stated
below, we reverse and remand.

Background


 Before addressing the merits of this appeal, we review in detail the complex
procedural and factual history of this case, both as it is revealed in the appellate record here
and as it was discussed by the Eastland Court of Appeals in the related appeal of Bansal's
second trial. See Bansal, 2000 WL 34234583 at *1. Of particular concern are matters related
to Bansal's complaint that he was not allowed to represent himself at his first trial. Id.

 Prior to Bansal's first trial, several events occurred regarding his trial representation.
Initially, Bansal requested that counsel be appointed to represent him and the trial court
granted his request. Prior to trial, Bansal filed a letter requesting that he be allowed to
represent himself with his appointed counsel acting as standby counsel and filing required
motions. But, Bansal did not seek a hearing on this request for hybrid representation. (1) Then
at the pretrial hearing held on the morning trial began, Bansal's appointed attorney sought a
continuance, which the trial court denied. Bansal immediately requested that he be allowed
to represent himself. When the trial court asked Bansal whether he understood what he
would be doing when representing himself, Bansal replied that he did and provided an
explanation for his request. (2)
 The trial court denied Bansal's request to represent himself and
the trial proceeded with Bansal's appointed counsel. After the jury returned its guilty verdict,
the trial court sentenced Bansal on June 25, 1998. 

 Subsequently, several relevant events occurred. Bansal filed three timely pro se
motions for new trial. Bansal also filed a pro se notice of appeal on July 10,1998 ("July 10
notice of appeal" ). Then on July 22, 1998, the trial court made the following docket entry:
"Mr. Bansal's motion for new trial granted. Waiver of right to counsel signed by Mr.
Bansal." See Bansal v. State, 2000 WL 34234583 at *1.

 On August 31, 1998, Bansal, proceeding pro se, went to trial again on the harassment
charge before a second jury, which also found him guilty and assessed his punishment at
confinement for 180 days and a $2000 fine. See Bansal, 2000 WL 34234583 at * 1. After
the trial court sentenced Bansal on September 2, 1998, he appealed the second judgment. Id. 
The Eastland Court heard that appeal and vacated the second judgment on October 5, 2000,
concluding that because there was no written order granting a new trial, Bansal's second trial
was a nullity, and the September 2 judgment was void. Id. Neither party appealed the
Eastland Court's decision. 

 Over three years after the Eastland Court's decision, Bansal notified this Court that
his appeal from the first trial was still pending. On December 19, 2003, Bansal forwarded
to this Court's clerk a copy of his July 10 notice of appeal that had been filed with the trial
court clerk. After we received a copy of Bansal's July 10 notice of appeal from the trial court
clerk, the clerk of this Court docketed this cause.

 To quote Judge Cochran, "This case is a mess." McClinton v. State, 121 S.W.3d 768,
769 (Tex. Crim. App. 2003)(Cochran, J., concurring).

Jurisdiction


 First, we must determine whether we have jurisdiction - the power to hear and
determine this case. See State v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000). An
appellant invokes appellate jurisdiction by timely filing a written notice of appeal with the
trial court clerk. Id.; see Tex. R. App. P. 25.2(a)-(c ). An appellant timely files a notice of
appeal by presenting or delivering it to the trial court clerk within 30 days after the day the
trial court either imposes sentence or suspends sentence in open court, or within 90 days after
imposition or suspension when the appellant files a timely motion for new trial. Bayless v.
State, 91 S.W.3d 801, 806 (Tex. Crim. App. 2002)(citing Tex. R. App. P. 26.2). Upon
receiving the notice of appeal, the trial court clerk must, among other things, immediately
send one copy to the appropriate court of appeals. See Tex. R. App. P. 25.2(e). (3) The trial
court clerk's failure to send the notice to the appropriate court of appeals "does not affect the
fact that the appeal was perfected." Ex parte Garcia, 988 S.W.2d 240, 241 (Tex. Crim. App.
1999).

 Prior to receiving the record, we requested that both parties respond to our
jurisdictional inquiry and both parties complied with our request. The State does not contest
our jurisdiction insofar as it was invoked in July, 1998. However, the State has expressed
"uncertainty" as to how events subsequent to Bansal's July 10 notice of appeal affect his
appeal. While Bansal initially maintained that this Court had jurisdiction, he now contests
it. Bansal contends the first trial judgment was vacated by the trial court as evidenced by the
trial court's July 27, 1998 letter. (4) 

 The State does not contest that Bansal timely filed a written notice of appeal with the
clerk of the trial court on July 10, 1998. That filing perfected Bansal's appeal from the first
trial and invoked the jurisdiction of this Court. See Riewe, 13 S.W.3d at 410. That this Court
did not receive Bansal's notice of appeal until 2003 does not affect our jurisdiction. See
Garcia, 988 S.W.2d at 241.

 However, without explaining how, the State contends that events subsequent to
Bansal's filing his July 10, 1998 notice of appeal affect his appellate rights here. While the
State concedes there is no authority supporting its contention, we nonetheless review the
subsequent events to determine if they impact our jurisdiction. 

 After sentencing Bansal on June 25, 1998, the trial court granted Bansal's motion for
new trial on July 22, 1998, without entering a written order as required by the appellate
procedural rules. See Tex. R. App. P. 21.8(b)("The granting of a motion for new trial must
be accomplished by written order. A docket entry does not constitute a written order.") 
After Bansal's second trial in which he represented himself, the jury again found him guilty. 
The trial court sentenced Bansal on September 2, 1998, less than seventy five days after the
original June 25 sentence. 

 The appellate rules provide the trial court with authority to receive and resolve the
merits of a motion for new trial within seventy five days after sentencing. See Tex. R. App.
P. 21.8. However, relying on Zaragosa v. State, 588 S.W.2d 322 (Tex. Crim. App. 1979),
the Eastland Court determined that conducting the second trial within seventy five days from
the date the original sentence was imposed did not validate the second trial. Instead, the
Eastland Court focused on the lack of a written order granting the motion for new trial and
determined that the second trial was void. (5)

 We recognize that the extent to which a trial court may vacate, modify or amend its
own rulings in a criminal proceeding has been recognized by at least one of our sister courts
as an unsettled area of law. See McClinton v. State, 38 S.W.3d 747, 751 (Tex. App.--Houston [14th Dist.] 2001)( agreeing that trial court's "inherent power" allow trial court to
vacate, modify or amend rulings), pet. dism'd, improvidently granted, 121 S.W.3d 768 (Tex.
Crim. App. 2003). (6) However whether the trial court had the authority to vacate its June 25
judgment and enter a new one on September 2 after the second trial's conclusion is not raised
here. Moreover, and even if that issue had been raised, the Eastland Court's determination
that the second judgment was void is the law of the case. See Howlett v. State, 994 S.W.2d
663, 666 (Tex. Crim. App.1999)( appellate court's resolution of a question of law in previous
appeal of the same case governs disposition of same issue raised in subsequent appeal.) In
addition, while the Eastland Court found the second judgment void, it made no similar
findings affecting the first judgment or the July10 notice of appeal. Bansal, 2000 WL
34234583 at *1. As we are neither presented with authority contesting the validity of the
first judgment and the July 10 notice, nor have we found such authority, we conclude the first
judgment and the July 10 notice of appeal are still in effect. 

 We find that we have jurisdiction in this cause because Bansal timely filed a notice
of appeal from the first trial. We further find none of the events subsequent to Bansal's filing
his July 10 notice of appeal affect our jurisdiction. See Riewe, 13 S.W.3d at 410; see Garcia,
988 S.W.2d at 241.

 While Bansal presents numerous issues for our review, his briefing of them fails to
contain "clear and concise" arguments supporting his contentions, with "appropriate citations
to authorities and to the record" as required by Rule 38.1(h) of the Texas Rules of Appellate
Procedure. See Webb v. State, 533 S.W.2d 780, 786 (Tex. Crim. App. 1976)(pro se appellant
must comply with all relevant rules of appellate procedure; "right of self-representation is
not a license to capriciously upset the appellate timetable or to thwart the orderly and fair
administration of justice."). However, in the interest of justice and despite the briefing
inadequacies present here, we will consider two of Bansal's issues - whether he was entitled
to represent himself in the first trial and whether the State's evidence was legally insufficient
to support a conviction for harassment, the charged crime. Bansal's other issues are
overruled.

Legal Sufficiency


 We consider first Bansal's legal sufficiency argument. To determine legal sufficiency,
we "view the relevant evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt." Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000)(citing
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). 

 Here, Bansal was charged with harassment, i.e., making repeated telephone
communications anonymously or in a manner reasonably likely to harass, annoy, alarm,
abuse, torment, embarrass, or offend another. See Tex. Pen. Code Ann. § 42.07(4). At trial,
the complainant testified that Bansal had been a tutor for her daughter who was enrolled in
college and lived on campus. The daughter became concerned about Bansal's displaying
aggression toward her and sought another tutor. After complaining to the campus police
about Bansal's stalking her, the daughter ultimately moved to her parents' home. After the
daughter moved home, Bansal began calling the complainant's residence and asking to speak
to the daughter. The complainant asked Bansal to stop calling because her daughter did not
want to talk with Bansal. On the date of the offense, Bansal called the complainant's home,
spoke to her, and made embarrassing, offensive accusations about complainant's daughter. 
The complainant testified that she told Bansal his comments were offensive and requested
that he not call her home again; she also told him to leave her daughter alone. Instead of
complying with the complainant's request, Bansal made three telephone calls "in a row" to
the complainant. Each time the complainant told him to stop calling. The complainant
further testified that she clearly informed Bansal that the calls and the comments were
offensive. Afterwards, the complainant and her family received constant "hang-up" calls and
ultimately changed their telephone number. 

 Such evidence, viewed in the light most favorable to the verdict, is legally sufficient
to establish the elements of harassment and, thus, to support Bansal's conviction. Bansal's
legal sufficiency issue is overruled.

Self-Representation


 We consider next Bansal's self-representation issue. The Sixth and Fourteenth
Amendments to the United States Constitution guarantee that an accused may dispense with
counsel and represent himself. Faretta v. California, 422 U.S. 806, 821, 95 S.Ct. 2525,
2534, 45 L.Ed.2d 562 (1975); Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim. App.1997).
In order to represent himself, the accused must "knowingly and intelligently" relinquish the
traditional benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct.
at 2541. If the choice is a result of an informed decision and is both knowingly and
intelligently made, the accused must be allowed to proceed pro se. See Scarbrough v. State,
777 S.W.2d 83, 92 (Tex. Crim. App.1989). However, the right to self-representation does
not attach until it has been clearly and unequivocally asserted. Funderberg v. State, 717
S.W.2d 637, 642 (Tex. Crim. App. 1986). The right must be asserted in a timely manner,
namely, before the jury is impaneled. Blankenship v. State, 673 S.W.2d 578, 585 (Tex. Crim.
App.1984). In addition, because a defendant who exercises the right of self-representation
usually increases the likelihood of an unfavorable trial outcome, the appellate court does not
review the denial for "harmless error." McKaskle v. Wiggins, 465 U.S. 168, 177, n. 8, 104
S.Ct. 944, 79 L.Ed.2d 122 (1984). (7)
 "The right is either respected or denied; its deprivation
cannot be harmless." 465 U.S. at 177, n. 8.

 The record shows that Bansal clearly and unequivocally requested to represent
himself. However, the State maintains that Bansal asserted his self-representation right only
for the purpose of delaying the proceedings. The record shows that after the trial court
denied a continuance sought by Bansal's appointed counsel, Bansal made his
self-representation request prior to jury's impaneling. See Blankenship, 673 S.W.2d at 585. 
Further, the trial court here must not have considered the request to be untimely as it
ultimately granted the request and allowed a second trial in which Bansal proceeded pro se. 
The record here does not show that Bansal asserted his right to represent himself only for the
purpose of delay.

 We find Bansal was entitled to represent himself in the first trial and that the trial
court erred in not allowing him to do so. We sustain Bansal's issues asserting his right to
self-representation. The trial court's judgment and the jury's sentence are reversed. This
cause is remanded to the trial court for further proceedings consistent with this opinion.

 REVERSED AND REMANDED.


 ___________________________

 HOLLIS HORTON

 Justice


Submitted on April 8, 2005

Opinion Delivered June 29, 2005

Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. We note that a defendant has no right to hybrid representation. See Patrick v. State,
906 S.W.2d 481, 498 (Tex. Crim. App. 1995).
2. Bansal explained that there would be "a lot of things that will come up in the
courtroom which [my attorney] is not aware of and it will--the defense will be totally on-the
spot defense, depending on what they come up and say." Bansal further contended that the
prosecution's witnesses had given contradicting statements and that he did not think his
attorney could provide adequate representation because of the "nature of the prosecution's
witness." After providing examples of contradictory testimony, Bansal also asserted that one
police officer was relying on hearsay evidence.

3. The present rule, Rule 25.2(e), was formerly designated Rule 25.2(c) and was
re-numbered in 2002 to become 25.2(e), without changes pertinent here. 
4. But, the letter in question, which is addressed to Bansal and the State's attorney,
simply says: "Trial in this matter will begin with jury selection on Monday, August 31,
1998. All pretrial motions must be filed no later than August 12, 1998 so that hearings, if
needed, can be scheduled well in advance of trial."
5. The Eastland Court explained its decision:


 Without a timely, written order granting the motion, Bansal's motions for new
trial following the trial court's June 25, 1998, judgment were overruled by
operation of law on September 8, 1998. A trial court cannot on its own motion
grant a new trial, and the fact that the second trial was conducted within 75
days from the date the original sentence was imposed on June 25, 1998, does
not validate the second trial. Without a proper order granting a new trial, a
subsequent trial is a nullity, and the September 2 judgment is void.


Bansal v. State, 2000 WL 34234583 at * 1 (citations omitted).
6. But in her concurrence to the McClinton Court's dismissal of review, Judge Cochran
observed: "A trial court has the inherent authority to alter, modify, or vacate its rulings, but
it does not have the inherent authority to alter, modify, or vacate a sentence imposed in open
court without statutory authorization and without the presence of the parties." McClinton,
121 S.W.3d at 771 (Cochran, J., concurring).
7. As recognized by the Texas Court of Criminal Appeals, the denial of the right to
self-representation is considered "structural"error. Gonzales v. State, 994 S.W.2d 170, 171
n.4 (Tex. Crim. App. 1999). The Gonzales Court stated:


 "Structural" error, as explained in Arizona v. Fulminante, is a "defect affecting
the framework within which the trial proceeds, rather than simply an error in
the trial process itself." Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246,
1265, 113 L.Ed.2d 302 (1991). The United States Supreme Court has found
structural errors only in a very limited class of cases. Johnson v. U.S., 520
U.S. 461, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997). See Gideon v.
Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (a total
deprivation of the right to counsel); Tumey v. Ohio, 273 U.S. 510, 47 S.Ct.
437, 71 L.Ed. 749 (1927) (lack of an impartial trial judge); Vasquez v. Hillery,
474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) (unlawful exclusion of
grand jurors of defendant's race); McKaskle v. Wiggins, 465 U.S. 168, 104
S.Ct. 944, 79 L.Ed.2d 122 (1984) (the right to self-representation at trial);
Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) (the
right to a public trial); Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078,
124 L.Ed.2d 182 (1993) (erroneous reasonable-doubt instruction to jury).

Id.