Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## OPINION

No. 04-09-00694-CR

The **STATE** of Texas,
Appellant

v.

Caleb **DAVIS**,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-8943
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice
Dissenting Opinion by:  Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:  November 3, 2010

AFFIRMED

The sole issue presented in this appeal is whether the trial court erred in modifying a judgment of conviction and sentence thirty-five days after the trial court imposed the original sentence. The appeal is premised on the State's contention that the motion for reconsideration or reduction in sentence filed by appellee, Caleb Davis, was untimely and cannot be construed as a motion for new trial or motion in arrest of judgment. Because we conclude that Davis's timely

motion for reconsideration is the equivalent of a motion for new trial, we affirm the trial court's judgment.

Davis pled guilty to burglary with intent to commit aggravated assault. On September 14, 2009, the trial court imposed a sentence of fifteen years confinement. On October 6, 2009, Davis filed a motion for reconsideration or reduction of sentence. On October 16, 2009, the trial court signed an order granting Davis's motion and reducing the sentence to twelve years confinement. The trial court signed a second judgment imposing the twelve-year sentence on October 19, 2009.[1]

"[A] trial court retains plenary power to modify its sentence if a motion for new trial or motion in arrest of judgment is filed within 30 days of sentencing."[2] *State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005). Although the State contends in its brief that Davis's motion for reconsideration or reduction of sentence was untimely filed thirty-two days after the trial court imposed the original sentence, the file stamp on the motion for reconsideration or reduction of sentence contained in a supplemental clerk's record ordered by this court reflects that the motion was filed on October 6, 2009, within thirty days of the date the original sentence was imposed. In a footnote, the State also argues that Davis's motion cannot be liberally construed as a motion for new trial. We disagree. Davis's motion is functionally indistinguishable from a motion for new trial; therefore, the trial court retained plenary power to modify Davis's sentence. *See State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996) (holding reviewing court can look past labels and order granting motion for judgment non obstante veredicto was functional equivalent of granting of new trial, thereby allowing State to

---

[1] The dissenting opinion asserts the cause should be remanded for the imposition of sentence because no sentence has been imposed. This assertion ignores that the trial court signed a judgment on October 19, 2009, imposing a twelve-year sentence.

[2] The trial court has seventy-five days to rule on a timely filed motion for new trial. TEX. R. APP. P. 21.8(a).

appeal); *State v. Evans*, 843 S.W.2d 576, 577-78 (Tex. Crim. App. 1992) (holding motion to withdraw or reconsider plea should more aptly have been called a motion for new trial and order granting motion was functionally indistinguishable from order granting a new trial, thereby allowing State to appeal); *State v. Boyd*, 202 S.W.3d 393, 400 (Tex. App.—Dallas 2006, pet. ref'd) (citing numerous authorities allowing reviewing courts to look past labels and allowing State to appeal order granting motion for mistrial); *cf. Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex. 1995) (holding motion for reconsideration was the equivalent of a motion to modify the judgment and extended trial court's plenary power); *Dayco Products, Inc. v. Ebrahim*, 10 S.W.3d 80, 83 (Tex. App.—Tyler 1999, no pet.) (noting motion for reconsideration is equivalent to a motion for new trial); *IPM Products Corp. v. Motor Parkway Realty*, 960 S.W.2d 879, 882 (Tex. App.—El Paso 1997, no pet.) (same).

The State also contends that the trial court's judgment is "void" because the sentence "was not modified in open court and was without statutory authorization and without the presence of the parties." The State cites *McClinton v. State*, 121 S.W.3d 768, 771 (Tex. Crim. App. 2003), as support for its contention. The majority of the court in *McClinton*, however, dismissed the State's petition for discretionary review as improvidently granted. *Id*. at 768-69. From the State's citation, it appears the State is relying on Judge Cochran's concurring opinion in *McClinton* as authority.[3] Despite statements made by Judge Cochran in her concurring opinion in *McClinton*, however, the Texas Court of Criminal Appeals has held that the absence of the defendant at the time the trial court modifies a sentence does not result in a void judgment.

---

[3] In her concurring opinion, Judge Cochran stated, "a trial court does not have the statutory authority to impose one sentence orally to the defendant and then, at some later date, enter a different, greater or lesser, sentence in his written judgment outside the defendant's or State's presence." *McClinton*, 121 S.W.3d at 770 (Cochran, J., concurring). Judge Cochran cites *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002), as support for her assertion; however, in *Ex parte Madding*, the court stated, "A trial court does not have the statutory authority or discretion to orally pronounce one sentence in front of the defendant, but enter a different sentence in his written judgment outside the defendant's presence." 70 S.W.3d at 136.

*See Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002) (holding written judgment modifying sentence outside the defendant's presence and after oral pronouncement was not void, but was reversible because defendant's right to due process was violated); TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Vernon 2009) (requiring sentence to be pronounced in defendant's presence). In its brief, the State contends that the modification of the sentence made the judgment void. The State does not assert that its due process rights were violated by the procedure the trial court used to modify the judgment.[4] *See Brown v. State*, 163 S.W.3d 818, 822 (Tex. App.—Dallas 2005, pet. ref'd) (due process complaint not properly before appellate court where issue not asserted in briefing); *King v. State*, 17 S.W.3d 7, 23 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (due process complaint waived where brief contained only abstract assertion that due process rights were violated without argument or analysis to support contention). Moreover, the State would not have standing to assert that the procedure used by the trial court violated Davis's due process rights. *See Warfield v. State*, 974 S.W.2d 269, 272 (Tex. App.—San Antonio 1998, pet. ref'd) (noting general standing rule that a litigant cannot base its own claim on the legal rights and interests of another party); *see also Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007) (habeas applicant's complaint regarding trial court increasing sentence after orally pronouncing lesser sentence not cognizable since nothing prevented applicant from appealing the sentence and asserting it was improper on direct appeal). Because Davis filed a motion equivalent to a motion for new trial within thirty days of his sentencing, the trial court had the authority to modify Davis's sentence, and the State's

---

[4] Pertinent to any potential due process issue, we note that Davis states in his brief that his Motion for Reconsideration contains a certificate of service reflecting service, and thus notice, to the State. The trial court signed the order modifying the sentence ten days after the State received notice, and the State neither objected nor requested a hearing during that 10-day period.

contention that the trial court's judgment is void is overruled. *See Ex parte Madding*, 70 S.W.3d at 136.

We affirm the trial court's judgment.

Catherine Stone, Chief Justice

PUBLISH