OPINION

 

No. 04-09-00694-CR

 

The STATE of
Texas,

Appellant

 

v.

 

Caleb DAVIS,

Appellee

 

From the 399th
Judicial District Court, Bexar County, Texas

Trial Court No. 2008-CR-8943

Honorable Juanita A.
Vasquez-Gardner, Judge Presiding

 

Opinion by:   Catherine Stone, Chief Justice

Dissenting Opinion by:  Steven C. Hilbig, Justice

 

Sitting:                     Catherine Stone, Chief Justice

                     Sandee
Bryan Marion, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and
Filed:  November 3, 2010

 

AFFIRMED

 

The sole issue presented
in this appeal is whether the trial court erred in modifying a judgment of
conviction and sentence thirty-five days after the trial court imposed the
original sentence.  The appeal is premised on the State’s contention that the
motion for reconsideration or reduction in sentence filed by appellee, Caleb
Davis, was untimely and cannot be construed as a motion for new trial or motion
in arrest of judgment.  Because we conclude that Davis’s timely motion for
reconsideration is the equivalent of a motion for new trial, we affirm the
trial court’s judgment.

Davis pled guilty to
burglary with intent to commit aggravated assault.  On September 14, 2009, the
trial court imposed a sentence of fifteen years confinement.  On October 6,
2009, Davis filed a motion for reconsideration or reduction of sentence.  On
October 16, 2009, the trial court signed an order granting Davis’s motion and
reducing the sentence to twelve years confinement.  The trial court signed a
second judgment imposing the twelve-year sentence on October 19, 2009.[1]

“[A] trial court retains
plenary power to modify its sentence if a motion for new trial or motion in
arrest of judgment is filed within 30 days of sentencing.”[2]  State v. Aguilera, 165 S.W.3d
695, 697-98 (Tex. Crim. App. 2005).  Although the State contends in its brief
that Davis’s motion for reconsideration or reduction of sentence was untimely
filed thirty-two days after the trial court imposed the original sentence, the
file stamp on the motion for reconsideration or reduction of sentence contained
in a supplemental clerk’s record ordered by this court reflects that the motion
was filed on October 6, 2009, within thirty days of the date the original
sentence was imposed.  In a footnote, the State also argues that Davis’s motion
cannot be liberally construed as a motion for new trial.  We disagree.  Davis’s
motion is functionally indistinguishable from a motion for new trial;
therefore, the trial court retained plenary power to modify Davis’s sentence.  See
State v. Savage, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996) (holding
reviewing court can look past labels and order granting motion for judgment non
obstante veredicto was functional equivalent of granting of new trial, thereby
allowing State to appeal); State v. Evans, 843 S.W.2d 576, 577-78 (Tex.
Crim. App. 1992) (holding motion to withdraw or reconsider plea should more
aptly have been called a motion for new trial and order granting motion was
functionally indistinguishable from order granting a new trial, thereby
allowing State to appeal); State v. Boyd, 202 S.W.3d 393, 400 (Tex.
App.—Dallas 2006, pet. ref’d) (citing numerous authorities allowing reviewing
courts to look past labels and allowing State to appeal order granting motion
for mistrial); cf. Padilla v. LaFrance, 907 S.W.2d 454, 458 (Tex. 1995)
(holding motion for reconsideration was the equivalent of a motion to modify
the judgment and extended trial court’s plenary power); Dayco Products, Inc.
v. Ebrahim, 10 S.W.3d 80, 83 (Tex. App.—Tyler 1999, no pet.) (noting motion
for reconsideration is equivalent to a motion for new trial); IPM Products
Corp. v. Motor Parkway Realty, 960 S.W.2d 879, 882 (Tex. App.—El Paso 1997,
no pet.) (same).

           The
State also contends that the trial court’s judgment is “void” because the
sentence “was not modified in open court and was without statutory
authorization and without the presence of the parties.”  The State cites McClinton
v. State, 121 S.W.3d 768, 771 (Tex. Crim. App. 2003), as support for its
contention.  The majority of the court in McClinton, however, dismissed
the State’s petition for discretionary review as improvidently granted.  Id.
at 768-69.  From the State’s citation, it appears the State is relying on Judge
Cochran’s concurring opinion in McClinton as authority.[3]  Despite statements made by Judge
Cochran in her concurring opinion in McClinton, however, the Texas Court
of Criminal Appeals has held that the absence of the defendant at the time the
trial court modifies a sentence does not result in a void judgment.  See Ex
parte Madding, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002) (holding written
judgment modifying sentence outside the defendant’s presence and after oral
pronouncement was not void, but was reversible because defendant’s right to due
process was violated); Tex. Code Crim.
Proc. Ann. art. 42.03, § 1(a) (Vernon 2009) (requiring sentence to be
pronounced in defendant’s presence).  In its brief, the State contends that the
modification of the sentence made the judgment void.  The State does not assert
that its due process rights were violated by the procedure the trial court used
to modify the judgment.[4] 
See Brown v. State, 163 S.W.3d 818, 822 (Tex. App.—Dallas 2005, pet.
ref’d) (due process complaint not properly before appellate court where issue
not asserted in briefing); King v. State, 17 S.W.3d 7, 23 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d) (due process complaint waived where
brief contained only abstract assertion that due process rights were violated
without argument or analysis to support contention).  Moreover, the State would
not have standing to assert that the procedure used by the trial court violated
Davis’s due process rights.  See Warfield v. State, 974 S.W.2d
269, 272 (Tex. App.—San Antonio 1998, pet. ref’d) (noting general standing rule
that a litigant cannot base its own claim on the legal rights and interests of
another party); see also Ex parte Cruzata, 220 S.W.3d 518, 520 (Tex.
Crim. App. 2007) (habeas applicant’s complaint regarding trial court increasing
sentence after orally pronouncing lesser sentence not cognizable since nothing
prevented applicant from appealing the sentence and asserting it was improper
on direct appeal).  Because Davis filed a motion equivalent to a motion for new
trial within thirty days of his sentencing, the trial court had the authority
to modify Davis’s sentence, and the State’s contention that the trial court’s
judgment is void is overruled.  See Ex parte Madding, 70 S.W.3d at 136.

We affirm the trial
court’s judgment.

Catherine Stone, Chief Justice

 

 

PUBLISH

 

 

 

 

 

 









[1] The dissenting opinion asserts the
cause should be remanded for the imposition of sentence because no sentence has
been imposed.  This assertion ignores that the trial court signed a judgment on
October 19, 2009, imposing a twelve-year sentence.





[2] The trial court has seventy-five days
to rule on a timely filed motion for new trial.  Tex. R. App. P. 21.8(a).

 





[3] In her concurring opinion, Judge
Cochran stated, “a trial court does not have the statutory authority to impose
one sentence orally to the defendant and then, at some later date, enter a
different, greater or lesser, sentence in his written judgment outside the
defendant’s or State’s presence.”  McClinton, 121 S.W.3d at 770
(Cochran, J., concurring).  Judge Cochran cites Ex parte Madding, 70
S.W.3d 131, 136 (Tex. Crim. App. 2002), as support for her assertion; however,
in Ex parte Madding, the court stated, “A trial court does not have the
statutory authority or discretion to orally pronounce one sentence in front of
the defendant, but enter a different sentence in his written judgment outside
the defendant’s presence.”  70 S.W.3d at 136.





[4] Pertinent to any potential due
process issue, we note that Davis states in his brief that his Motion for
Reconsideration contains a certificate of service reflecting service, and thus
notice, to the State.  The trial court signed the order modifying the sentence
ten days after the State received notice, and the State neither objected nor
requested a hearing during that 10-day period.