Juan Antonio VERDIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–99–00429–CR.

Court of Appeals of Texas, Tyler.

Jan. 31, 2000.

Richard S. Fischer, Nacogdoches, for Appellant.

Tim James, Nacogdoches, for Appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

WORTHEN, Justice.

This appeal is being dismissed for want of jurisdiction. Following a guilty plea, Appellant was placed on five years' deferred adjudication probation for the felony offense of driving while intoxicated. Appellant thereafter sought relief from the trial court by application for writ of habeas corpus. On October 22, 1999, the trial court granted Appellant's request, issued the writ of habeas corpus and granted the application declaring Appellant's plea null and void. Seven days later, however, the trial court signed an Order Setting Aside Orders of October 22, 1999 ("Order Setting Aside Orders"), which set aside the writ,

the order granting writ and the order granting relief.[1] Appellant thereafter filed this appeal.

Because the Order Setting Aside Orders is not an appealable order, this Court notified Appellant on November 29, 1999, pursuant to Tex.R.App. P. 37.1 and 44.3 that the record failed to show the jurisdiction of this Court since it contained no appealable order. Appellant was further notified that he had ten days to establish this Court's jurisdiction to entertain the appeal; otherwise, the case would be dismissed.

On December 9, 1999, Appellant responded to this Court's notice asserting that the Order Setting Aside Orders is appealable for three reasons. First, citing *Ex parte Silva*, 968 S.W.2d 367, 368 (Tex. Cr.App.1998) and *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex.Cr.App.1998), Appellant asserts that this Court has jurisdiction under Article V, Section 8 of the Texas Constitution to review an order denying habeas corpus relief from a claim of illegal restraint under an order deferring adjudication of guilt. We do not disagree. If a trial court grants a writ of habeas corpus but subsequently denies relief on the application, the applicant has the right to appeal the denial of that application to the court of appeals, and the appeal invokes the jurisdiction of the appellate court. *McCullough*, 966 S.W.2d at 531. However, it is well-settled that no appeal lies from the refusal of a trial court to issue a writ of habeas corpus even after a hearing. *Id.; Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex.Cr.App.1991). In both *Silva* and *McCullough*, the trial court had granted the writ of habeas corpus then denied relief on the application. Thus, the appellate court's jurisdiction was invoked. Here, however, there has been no denial of Appellant's request for habeas corpus relief which would invoke our appellate juris-

---

1. The orders of October 22nd, which the trial court set aside were: (1) an "Order Granting Writ of Habeas Corpus" requiring Appellant's appearance before the court to determine whether he was entitled to relief; (2) a "Writ of Habeas Corpus" commanding that Appellant be allowed to appear before the trial court instanter; and (3) an "Order on Application for Writ of Habeas Corpus" which declared Appellant's plea null and void.

diction; the Order Setting Aside Orders vacated both the trial court's orders granting the relief requested, and the writ of habeas corpus itself. Thus, in effect, the trial court's Order Setting Aside Orders returned Appellant to the position he had been in at the time he initially filed his application for writ of habeas corpus. Consequently, the trial court having declined to grant the writ of habeas corpus and entertain the application, this court's appellate jurisdiction has not been invoked. *Hargett,* 819 S.W.2d at 868.

 Appellant next argues that the Order Setting Aside Order was appealable on grounds that it disposed of all issues before the trial court and was therefore a final order. We disagree. As noted above, the trial court's Order Setting Aside Orders did not finally dispose of all issues before it; instead, its effect was to return Appellant to his position before he filed his application for relief. "There is no appeal from a refusal to issue the writ of habeas corpus." *Id.* Moreover, habeas corpus proceeding where no final conviction has yet been entered are interlocutory in nature. *See McCullough,* 966 S.W.2d at 531.

Finally, citing *State v. Gobel,* 988 S.W.2d 852 (Tex.App.—Tyler 1999, no pet.), Appellant argues that because this Court has recently held that a *nunc pro tunc* order can be used to reflect a judge's intent or to correct clerical errors but cannot be used to correct judicial errors, the trial court's Order Setting Aside Orders is not valid. This argument is likewise without merit. Nothing in the Order Setting Aside Orders indicates that it is a *nunc pro tunc* order. Further, the Order Setting Aside Orders was signed by the trial court while it still had plenary power over the proceeding. *See Awadelkariem v. State,* 974 S.W.2d 721, 727–728 (Tex.Cr. App.1998), *cited with approval in Gutierrez v. State,* 979 S.W.2d 659, 664 (Tex.Cr. App.1998) (Meyers, J. concurring) (under *Awadelkariem,* a trial court has inherent power to vacate, modify or amend its own rulings).

Because the Order Setting Aside Orders is not an appealable interlocutory order, the appeal is dismissed for want of jurisdiction.