**Deszick SMITH, Appellant,**

v.

**The STATE of Texas.**

**Nos. 1039–01, 1040–01.**

Court of Criminal Appeals of Texas.

April 10, 2002.

**6.** "Thus, if the record contains no written jury waiver, we will find that the defendant's 'substantial rights' have been affected unless 'the record clearly reflects that the defendant "personally gave express consent in open court, intelligently and knowingly." ' " *Johnson* at 738.

John A. Kuchera, Waco, for appellant.

Matthew Paul, State's Attorney, Austin, for state.

## OPINION

HOLCOMB, J, delivered the opinion of the Court, in which MEYERS, PRICE, WOMACK, JOHNSON, and KEASLER, JJ., joined.

On November 30, 1995, Deszick Smith, appellant, pled guilty, pursuant to a plea agreement, to two separate charging instruments, an indictment and an information, that each contained both felony and misdemeanor charges. The trial court sentenced appellant to one ten-year sentence and one five-year sentence. On appeal, appellant argued that because the trial court did not have jurisdiction over the misdemeanors included in the charging instruments, the trial court was without authority to accept the plea bargain and enter a conviction. The Court of Appeals agreed and returned the parties to their pre-plea status. *Smith v. State*, 40 S.W.3d 701 (Tex.App.Waco 2001). We granted the State's petition for discretionary review to determine whether the Court of Appeals erred. *See* Tex.R.App. Proc. 66.3.

After reviewing the briefs of the parties and the relevant portions of the record, we conclude that our decision to grant the State's petition was improvident. Accordingly, we dismiss the petition. *See* Tex. R.App. Proc. 69.3.

COCHRAN, J., filed a dissenting opinion, in which KELLER, P.J., and HERVEY, J., joined.

COCHRAN, J., filed a dissenting opinion, joined by KELLER, P.J., and HERVEY, J.

I respectfully dissent to the Court's decision to dismiss the State's petition for discretionary review as improvidently granted. I would address the merits of the case before us, despite its complex and confusing record.

On occasion, we grant a petition for discretionary review to address a significant legal issue, only to discover that hidden or unresolved procedural perplexities will prevent us from answering the question presented. In those instances, we are justified in dismissing a petition as improvidently granted despite the cost and inconvenience to the parties.

It is true that the present record contains significant omissions and internal inconsistencies. It is similarly true that the circumstances surrounding the plea agreement, the sentencing, and the later revocation proceeding are unusual (and, one hopes, unique). Nonetheless, this Court was fully aware of these procedural problems and record omissions when we granted the State's petition. We knew that granting the petition would require us to cut through a Gordian knot, and now we have shrunk from that task.

Our dismissal is not fair to the litigants, who have spent countless hours preparing their briefs, researching the law, and presenting cogent written arguments to this Court. Although the fundamental legal question presented in this petition has recently been resolved in a different case, *see Puente v. State*, 71 S.W.3d 340 (Tex. Crim.App.2002), these litigants nevertheless deserve a resolution of their case, despite the procedural problems involved, because we granted them discretionary review knowing that we faced these additional complexities. Therefore, I respectfully

dissent to the dismissal of the petition. It was not "improvidently"[1] granted.

---

1.  Improvident is frequently defined as "characterized by unthinking boldness and haste: brash, foolhardy, harum-scarum, hasty, headlong, hotheaded, ill-considered, impetuous, impulsive, incautious, madcap, precipitant, precipitate, rash, reckless, slapdash, temerarious, unconsidered." Roget's New Thesaurus (3d ed.1995).