NO. 07-08-0147-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



APRIL 16, 2008


______________________________



BARRY DWAYNE MINNFEE, 



 Appellant

v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 320th DISTRICT COURT OF POTTER COUNTY;



NO. 49,678-D; HONORABLE DON R. EMERSON, JUDGE





________________________________



Memorandum Opinion


_________________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.


 Before the court is a document filed by Barry Dwayne Minnfee. Though entitled
"notice of appeal," among other things, the writing fails to disclose the judgment or final
order from which he appeals. Instead, Minnfee seems to be asking that we review his
request to preserve "evidence containing biological material." However, the trial court has
yet to execute a final order addressing the matter. Since the existence of such an order
or judgment is a prerequisite to our exercising jurisdiction, see Verdin v. State, 13 S.W.3d
121, 122-23 (Tex. App.-Tyler 2000, no pet.) (requiring a final appealable order or an
appealable interlocutory order by the trial court for jurisdiction), we dismiss the appeal for
want of jurisdiction.


 Per Curiam

Do not publish.



3 L. Ed.
2d 821, 828 (1985) (holding that indigent defendant is entitled to the
effective assistance of counsel on the first appeal as a matter of right
and that counsel must be available to assist in preparing and
submitting an appellate brief).



Tex. R. App. P. 38.8(b)(2).


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal and has been denied effective assistance of counsel, then we further
direct the court to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, fax number and state bar number of the new counsel who
will represent appellant on appeal must also be included in the court's findings of fact and
conclusions of law. Furthermore, the trial court shall also cause to be developed (1) a
supplemental clerk's record containing the findings of fact and conclusions of law and (2)
a supplemental reporter's record transcribing the evidence and argument presented at the
hearing. Tex. R. App. P. 38.8(b)(3). Additionally, the trial court shall cause the
supplemental clerk's record and the supplemental reporter's record to be filed with the clerk
of this court on or before July 22, 2005. Should additional time be needed to perform these
tasks, the trial court may request additional time before July 22, 2005.

 

 Per Curiam

Do not publish.