In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-532 CR


____________________



JOSE GREGORY MOORE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CR20239






MEMORANDUM OPINION


BACKGROUND


 This is an appeal from an order entered sua sponte by the trial court on October 30,
2006 ("2006 order"). The background facts do not appear to be in dispute. In pertinent part,
the 2006 order reads as follows: 

 Came on this the 30th day of October, 2006, the Court's Motion to Set
Aside the Order dated February 6, 2004, which Terminated the Community
Supervision of the Defendant, Jose Gregory Moore.

 The Court finds that the Defendant was placed on community
supervision on February 3, 1994, for a period of ten (10) years for the offense
of indecency with a child. On January 30, 2004, counsel for the defendant
filed a Motion to Terminate the Defendant's Community Supervision and Set
Aside the Conviction. Through inadvertence the Order was signed.

 

 The Order is void pursuant to Art. 42.12 §20 C.C.P. as the Court was
without jurisdiction to enter the order as the relief requested by the Defendant
was not available under the statute.


 IT IS ORDERED and DECREED that the Order signed February 6,
2004 is of no force and affect [sic] and was never of any force and effect. 


 SIGNED this the 30th day of October, 2006. 


On appeal, Moore questions the trial court's authority to enter this order, contending the trial


court's action amounted to an unconstitutional ex post facto violation.


 The record indicates that in February of 1994, Moore pled nolo contendere to the
felony offense of indecency with a child without benefit of a negotiated punishment
recommendation. The trial court assessed punishment at ten years of confinement in the
penitentiary and assessed a fine of $2,500. The trial court suspended the imposition of
Moore's incarceration and placed him on community supervision for a period of ten years. 
 From all indications, Moore successfully completed his ten years of community
supervision. In January of 2004, Moore's counsel filed a motion to terminate Moore's
community supervision and to set aside the conviction. A certificate of service
accompanying the motion indicated that Moore's counsel hand-delivered a copy of the
motion to the Liberty County District Attorney on the day the motion was filed. The State
does not dispute the fact it timely received this notice. Additionally, nothing in the record
indicates the State filed any response to this motion or took issue with it in any way. 
Thereafter, on February 6, 2004, the trial court signed an order ("2004 order") which reads,
in pertinent part, as follows: 

 Moore's Motion to Terminate Community Supervision and Set Aside the
Conviction is granted.


 It is therefore Ordered that:


 1. The term of community supervision in this case is terminated;


 2. Moore is allowed to withdraw his plea;


 3. The proceedings against Moore are dismissed; 


 4. Moore is discharged from any further responsibility or obligation in this matter; and


 5. Moore is released from all penalties and disabilities resulting from his conviction.


 Signed and entered on /s/ February 6, 2004.


 The 2004 order was entered pursuant to section 20(a) of article 42.12 of the Texas
Code of Criminal Procedure, which contains provisions for a trial court to order a reduction
or termination of a defendant's period of community supervision. See Tex. Code Crim.
Proc. Ann. art. 42.12, § 20(a) (Vernon Supp. 2007). Section 20(a) also permits the trial
court to set aside the verdict or allow the defendant to withdraw his plea and to dismiss the
charging instrument, thus releasing the defendant from certain "penalties and disabilities"
normally attendant to felony convictions in Texas. Id.; see also Cuellar v. State, 70 S.W.3d
815, 817 n.3 (Tex. Crim. App. 2002). 

 Currently, subsection (b) of section 20 specifies that its reduction, termination, or
dismissal provisions are not applicable to a defendant who has been convicted "of an offense
. . . for which on conviction registration as a sex offender is required under Chapter 62, . . .." 
Tex. Code Crim. Proc. Ann. art. 42.12, § 20(b) (Vernon Supp. 2007). It is undisputed that
the offense for which Moore was convicted and served community supervision (indecency
with a child) is listed among those in Chapter 62 requiring registration as a sex offender. See
id. art. 62.001(5)(A) (Vernon Supp. 2007), art. 62.002 (Vernon 2006).

 On appeal, Moore correctly points to the fact that when he was convicted and placed
on community supervision in February of 1994, subsection (b) of section 20 did not contain
any language excluding convictions for sex crimes, including indecency with a child, from
eligibility for reduction, termination, or dismissal of an otherwise successfully completed
"regular" probation or community supervision. See State v. Juvrud, 96 S.W.3d 550, 556-57
(Tex. App.--El Paso 2002), aff'd, 187 S.W.3d 492 (Tex. Crim. App. 2006). The gist of
Moore's appellate complaint is that the 1999 amendment to subsection (b) enacted during the
period of his community supervision constitutes an ex post facto law in violation of article
1, section 10 of the United States Constitution. See U.S. Const. art. I, §10. The State's reply
brief contends, however, that we lack appellate jurisdiction because the 2006 order "merely
returned [Moore] to the position he had been in at the time he initially filed his [Motion to
Terminate] . . . ."

 In support of its position, the State directs our attention to Verdin v. State, 13 S.W.3d
121 (Tex. App.--Tyler 2000, no pet.), a case it describes as "almost exactly on point[.]"
Verdin is inapposite to the facts and law applicable to the instant appeal. Verdin involved
an appeal from what the Tyler Court of Appeals determined to be the refusal by the trial court
to issue a writ of habeas corpus. Id. at 122-23. As the court of appeals correctly pointed out,
"it is well-settled that no appeal lies from the refusal of a trial court to issue a writ of habeas
corpus even after a hearing." Id. at 122 (citing Ex parte Hargett, 819 S.W.2d 866, 868 (Tex.
Crim. App. 1991)). Additionally, while the trial court in Verdin still possessed plenary power
over the original writ action when it set aside its previous orders granting Verdin's writ
application and issuance of the writ, in the instant case, as we will subsequently discuss, the
2006 order was entered over two years after Moore's successful completion of his period of
community supervision and after the trial court had lost both personal and subject matter
jurisdiction. Because the State questions our jurisdiction, we must begin by addressing that
matter. See State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996) (issue of
jurisdiction is "fundamental and cannot be ignored"), overruled on other grounds by State
v. Medrano, 67 S.W.3d 892, 903 (Tex. Crim. App. 2002).


APPELLATE JURISDICTION 


 A court has jurisdiction to determine whether it has jurisdiction. Olivo v. State, 918
S.W.2d 519, 523 (Tex. Crim. App. 1996). "A timely tendered notice of appeal vests an
intermediate appellate court with jurisdiction to consider the merits of an appeal." 
Stansberry v. State, 239 S.W.3d 260, 264 (Tex. Crim. App. 2007); see also Bayless v. State,
91 S.W.3d 801, 803 n.2 (Tex. Crim. App. 2002). A criminal defendant wishing to appeal
must file with the trial court clerk "a sufficient notice of appeal" within thirty days after the
entry of an appealable order. Tex. R. App. P. 25.2(b), (c)(1), 26.2(a)(1). The notice of appeal
is sufficient if it shows the defendant's desire to appeal from the appealable order. Tex. R.
App. P. 25.2(c)(2). Additionally, whether an order is or is not "appealable" does not affect
our jurisdiction over an appeal. See State v. Cowsert, 207 S.W.3d 347, 352 (Tex. Crim. App.
2006) ("[W]e hold that the court [of appeals] had jurisdiction even though [the trial court's
order] was not an appealable order. A lack of authority for a party to appeal does not equal
a lack of jurisdiction for an appellate court.") 

 The record reflects Moore's notice of appeal was filed within thirty days from the date
the trial court entered the 2006 order. A relatively recent opinion by the Court of Criminal
Appeals includes the following observation: "As Professor Dix points out, . . . this Court
'functionally embraced an approach to perfecting appeals and notice of appeal closer to that
of the Texas Supreme Court.'" Few v. State, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007)
(quoting 43A George E. Dix & Robert O. Dawson, Texas Practice: Texas Criminal
Practice and Procedure § 43.252 (2d ed. 2001 & Supp. 2007)). "The Texas Supreme
Court 'decline[s] to elevate form over substance[.]'" Id. (quoting Verburgt v. Dorner, 959
S.W.2d 615, 617 (Tex. 1997)).

 Although superior reviewing courts have occasionally been "less than meticulous" in
their terminology, (1) courts of appeals' jurisdiction is comprised of subject matter jurisdiction
and personal jurisdiction; in other words, our jurisdiction consists of the authority to address
and determine the merits of particular legal issues involving specific types of litigants. Olivo,
918 S.W.2d at 522. Thus, "[e]stablishment of jurisdiction by law and invocation or
attachment of jurisdiction in accordance with procedural rules are two distinct concepts." 
Id. at 522-23; see also Bayless, 91 S.W.3d at 803 n.2. As the Olivo Court explained: 

 Examples of laws that establish jurisdiction of courts of appeals are Tex.
Const. Art. V, § 1 (courts in which judicial power is vested), Tex. Const. Art.
V, § 6 (courts of appeals); V.T.C.A. Gov't Code §§ 21.001 (inherent power
and duty of courts), 22.220 (civil jurisdiction), 22.201 (courts of appeals
districts), 22.221 (writ power), 73.001-73.002 and 22.202(i) (transfer of courts
of appeals' cases); and Articles 4.01 (courts with criminal jurisdiction) and
4.03 (courts of appeals), V.A.C.C.P.


 . . . The Rules of Appellate Procedure do not establish courts of
appeals' jurisdiction; they provide procedures which must be followed by
litigants to invoke the jurisdiction of the courts of appeals so a particular
appeal may be heard. 


Olivo, 918 S.W.2d at 523; accord Bayless, 91 S.W.3d at 805. Therefore, from the facts
contained in the appellate record, we find that Moore has timely and properly invoked the
appellate jurisdiction vested in us by the provisions of the Texas Constitution, the Texas
Rules of Appellate Procedure, and the various statutory provisions noted above. See White
v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001) ("If the jurisdiction of a court of
appeals is not properly invoked, the power of the appellate court to act is as absent as if it did
not exist.") 

THE 2004 ORDER


 As noted above, the trial court's apparent reason for rescinding its 2004 order was its
understanding that Moore's indecency with a child offense prohibited him from taking
advantage of the reduction, termination, or discharge provisions contained in section 20(a)
of article 42.12. See Tex. Code Crim. Proc. Ann. art. 42.12, § 20(a). As we alluded to
previously, the portion of section 20(b) of article 42.12 at issue was added by the 76th
Legislature in 1999, approximately five years after Moore was convicted for indecency with
a child and placed on community supervision. See Act of May 29, 1999, 76th Leg., R.S., ch.
1415, §5(b), 1999 Tex. Gen. Laws 4831, 4833, amended by Act of May 21, 2007, 80th Leg.,
R.S., ch. 1205, §6, 2007 Tex. Gen. Laws 4078, 4080-81. However, immediately following
the newly-added language in section 20(b), which disqualified defendants convicted of
offenses requiring registration as a sex offender from the termination and reduction
provisions in section 20(a), the 1999 Legislature inserted the following:

 (c) The change in law made by this section applies only to a defendant who
. . . is convicted of an offense on or after the effective date of this Act,
regardless of whether the offense for which the defendant . . . is convicted is
committed before, on, or after the effective date of this Act. A defendant . .
. convicted of an offense before the effective date of this Act is covered by the
law in effect when the defendant . . . was convicted, and the former law is
continued in effect for that purpose. 


See Act of May 29, 1999, 76th Leg., R.S., ch. 1415, §5(c), 1999 Tex. Gen. Laws 4831, 4833
(amended 2007). Indeed, when Moore was adjudicated guilty and placed on community
supervision in February of 1994, article 42.12, section 20 of the Texas Code of Criminal
Procedure had been amended the previous year by the 73rd Legislature with newly-added
subsection (b). See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, §4.01, sec. 20, 1993 Tex.
Gen. Laws 3586, 3739 (amended 2007) (current version at Tex. Code Crim. Proc. Ann. art.
42.12, §20(b)). At the time of Moore's conviction, section 20(b) read as follows: "This
section does not apply to a defendant convicted of an offense under Sections 49.04-49.08,
Penal Code, or a defendant convicted of an offense punishable as a state jail felony." Act of
May 29, 1993, 73rd Leg., R.S., ch. 900, §4.01, sec. 20, 1993 Tex. Gen. Laws 3586, 3739
(amended 2007). It is undisputed that neither of these two limitations applied to Moore at
the time of his indecency conviction in 1994. When Moore successfully completed his
community supervision in 2004 and petitioned for reduction, termination, and discharge
under the provisions of section 20(a), the trial court was properly allowed to grant his petition
in all respects as the 1999 language disqualifying sex registration defendants expressly did
not apply to him. Thus, the trial court's 2004 order terminating Moore's community
supervision, withdrawing his nolo contendere plea, dismissing the proceedings against him,
and releasing him from all penalties and disabilities resulting from his conviction is not void,
but was properly entered and is entitled to be regarded as having always been in full force
and effect. (2) See, e.g., Ex parte McCain, 67 S.W.3d 204, 209-10 (Tex. Crim. App. 2002); Nix
v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). 

THE 2006 ORDER


 A trial or appellate court may always notice and correct an illegal or unauthorized
order, judgment, or sentence if it otherwise has jurisdiction. See Rhodes v. State, 240 S.W.3d
882, 887-88 (Tex. Crim. App. 2007) (distinguishing between entire judgment being void and
only a portion of a judgment being void); Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim.
App. 2003) (finding Mizell's sentence illegal because it fell outside statutory permissible
range of punishment). As we have determined the 2004 order was not a void order, the trial
court was without authority to enter its sua sponte 2006 order attempting to rescind the
earlier order. Indeed, upon the record before us, we are unable to determine the source of
any putative subject matter or personal jurisdiction on the part of the trial court with regard
to Moore's successfully served community supervision. See, e.g., State v. Patrick, 86 S.W.3d
592, 595 (Tex. Crim. App. 2002) (as trial court's order permitting DNA testing was based
upon neither Chapter 64 nor pending habeas corpus application, "[the] trial court was
therefore clearly and indisputably without jurisdiction to issue the order in question."). 
Additionally, at certain times, the Court of Criminal Appeals has suggested that a trial court
may retain "plenary power" to modify or rescind an order within thirty days of its entry. See
Swearingen v. State, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006) (citing State v. Aguilera,
165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005)). However, in the instant case, any plenary
power the trial court may have retained following its 2004 order terminating and discharging
Moore's probation and criminal case expired long before entry of its sua sponte 2006 order. 

 Having determined the trial court's 2004 order was not void but fully effectual, and
having determined its 2006 order to be a nullity and accorded no respect due to the lack of
subject matter jurisdiction and authority to render it, we vacate the 2006 order and dismiss
the cause. See Tex. R. App. P. 43.2(e). We further find that when a trial court acts entirely
without subject matter jurisdiction, the proper remedy is to return the parties to the positions
they occupied prior to the trial court's actions. See Deifik v. State, 58 S.W.3d 794, 798 (Tex.
App.--Fort Worth 2001, pet. ref'd) (citing Smith v. State, 40 S.W.3d 701, 702 (Tex. App.-
-Waco 2001), pet. dism'd, 72 S.W.3d 353 (Tex. Crim. App. 2002)). 

 ORDER OF OCTOBER 30, 2006, VACATED AND THE CAUSE DISMISSED. 
 
 

 __________________________________

 CHARLES KREGER

 Justice


Submitted on August 9, 2007

Opinion Delivered April 30, 2008

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. See Eberhart v. United States, 546 U.S. 12, 18, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005)
("As we recognized in Kontrick, courts 'have more than occasionally used the term
"jurisdictional" to describe emphatic time prescriptions in rules of court.' 540 U.S., at 454,
124 S.Ct. 906. See also, ibid. (citing Robinson as an example of when we have been 'less
than meticulous' in our use of the word 'jurisdictional'")); State v. Moore, 225 S.W.3d 556,
558 (Tex. Crim. App. 2007) ("We hold that Rule 21.4(b) [appellate rule pertaining to
amending a motion for new trial] does prohibit a defendant from filing an amended motion
for new trial after the thirty-day period prescribed, even with leave of court. We also hold,
however, that this prohibition does not deprive the trial court of jurisdiction; nor does it
deprive the trial court of the authority to rule on a tardy amendment to a timely motion for
new trial, at least absent an objection from the State, at any time within the seventy-five days
for ruling on a motion for new trial.") 
2. Neither on its face does the 2004 order contain a jurisdictional defect. See Puente
v. State, 71 S.W.3d 340, 343 (Tex. Crim. App. 2002).